12-552
Chen v. Holder

BIA
Hom, IJ
A 089 200 528

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand thirteen.

PRESENT:
>    ROBERT D. SACK,
>    RICHARD C. WESLEY,
>    PETER W. HALL,
>         *Circuit Judges.*

_____

ZHI FEI CHEN,
>    *Petitioner,*

>    v.                                    12-552
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:          Nataliya I. Gavlin, New York, New
                         York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Paul Fiorino,
                         Senior Litigation Counsel; Franklin
                         M. Johnson, Jr., Trial Attorney,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Zhi Fei Chen, a native and citizen of China, seeks review of a January 17, 2012, order of the BIA affirming the July 28, 2010, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Fei Chen*, No. A 089 200 528 (B.I.A. Jan. 17, 2012), *aff'g* No. A 089 200 528 (Immig. Ct. N.Y. City July 28, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I.   Asylum - Pretermission

In pretermitting Chen's asylum application as untimely, the agency found that he failed to present clear and convincing evidence that the application was filed within one year of his arrival in the United States, as required under 8 U.S.C. § 1158(a)(2)(B).  We lack jurisdiction to review this determination.  *See* 8 U.S.C. § 1158(a)(3).

2

While we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), Chen challenges only the agency's factual determinations, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Accordingly, we dismiss his petition for review as to asylum.

**II. Withholding of Removal**

We retain jurisdiction to review the agency's denial of withholding of removal. Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency concluded that Chen failed to provide sufficient evidence to corroborate his claim that he would face persecution or torture in China because of his practice of Falun Gong. Under the REAL ID Act, which applies in this case, "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if . . . the applicant's testimony is credible, is

3

persuasive, and refers to specific facts . . . In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record," 8 U.S.C. § 1158(b)(1)(B)(ii); 8 U.S.C. § 1231(b)(3)(C). Because Chen's testimony was confusing and imprecise, and the documents Chen did present provided no greater insight into his claim than his testimony, the agency did not err in finding he failed to meet his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(i).

Specifically, because Chen testified that he began to practice Falun Gong in order to treat a skin disorder for which he had been diagnosed and treated by a doctor who prescribed various medications, the IJ reasonably required Chen to provide medical records or statements from treating physicians to corroborate his claim that he had suffered from a skin disease. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009). The IJ reasonably found Chen's explanation for the missing records, that "they say they don't have it because it's a small things, they don't have the records," insufficient, particularly in light of the absence of proof that Chen or his family had attempted to

4

obtain the records. *See Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000); *see also Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005)(holding that agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so).

Furthermore, given Chen's general testimony regarding the circumstances surrounding his release from detention, the agency reasonably required Chen to provide government records or statements from his family to corroborate his testimony that his parents paid a fine to secure his release from detention. Chen's testimony alone that he did not "dare to get" a payment confirmation did not compel the agency to conclude that corroborating evidence was not available. *See Chuilu Liu*, 575 F.3d at 196-99; *Majidi*, 430 F.3d at 80-81.

Moreover, the agency reasonably found that Chen failed to demonstrate a likelihood of future persecution in China on account of his practice of Falun Gong, because Chen did not  provide any evidence of his continued practice of Falun Gong in the United States, and had applied for, and obtained without incident, a passport from the Chinese consulate in New York. *See* 8 C.F.R. § 1208.16(b)(2) (noting that absent

5

a showing of past persecution, an applicant for withholding of removal must show that it is "more likely than not" that he would suffer future persecution based on a statutory ground if returned to the country of removal).  Because we find no error in the agency's determination that Chen failed to meet his burden, we deny the petition as to withholding of removal.  Chen has not separately challenged the denial of CAT relief.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  Because we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                          FOR THE COURT:
                          Catherine O'Hagan Wolfe, Clerk

6